**Thomas Allen WILSON, Petitioner,**

v.

**JEFFERSON CIRCUIT COURT, Honorable Frank A. Ropke, Presiding Judge, Respondent.**

Court of Appeals of Kentucky.

Nov. 20, 1964.

Writ granted.

Thomas Allen Wilson, pro se.

Carl C. Ousley, Jr., Asst. Commonwealth's Atty., Louisville, for respondent.

STEWART, Judge.

The petitioner filed an RCr 11.42 motion to vacate judgments involving three convictions. The motion is not in the record but from the response it would appear that it alleged two grounds:

(1) That he on his pleas of guilty to three separate indictments was sentenced to serve five years in the penitentiary on each indictment, the sentences to run consecutively, and no jury was empaneled to fix punishment.

(2) That he had "an agreement between himself and the Commonwealth's Attorney" that in exchange for a plea of guilty he would receive a five year sentence on each of the three indictments and the sentences were to run concurrently.

The motion was overruled and it is not shown a formal hearing was had before such was done.

■ RCr 11.42 is intended to provide a post conviction review procedure in which, unless his motion is clearly insufficient on its face, the prisoner is entitled to four principal safeguards, (1) representation by adequate counsel, (2) a hearing, (3) a record of that hearing, and (4) an appeal.

■ Neither the petition for mandamus nor the response filed in this Court includes a copy of the petitioner's RCr 11.42 motion filed in the circuit court. The petitioner's failure to include it may be overlooked, since he is without counsel. Under the circumstances, this Court will not assume that its allegations were insufficient to entitle him to a hearing, which from the response it is clear that he did not have.

■ It is our opinion the RCr 11.42 proceeding should be reopened. If the

petitioner's motion shows on its face that the grounds for setting aside his sentences are insufficient, the final order should so find, and a copy thereof be promptly furnished to him. If the motion states grounds which, if sustained, might invalidate the judgments, he is entitled to counsel and a hearing, as above mentioned.

Wherefore, the writ is granted.